therefor; that neither appellant nor either of his attorneys caused process to issue for any witness and did not talk to any of the State's witnesses who were then present at the trial. This application is defective in practically every requirement of the statute, Art. 543, C.C.P., relative to the first application of a defendant for a continuance. Nor does the same appeal to us from an equitable standpoint. There had been no effort made to obtain witnesses prior to the trial and none were made thereafter. It was not shown who the desired witnesses were, nor what they would be expected to swear at the trial. The motion for a continuance does not comply with any of the requirements of the statute save Paragraph 5—"that the application is not made for delay." We are of the opinion that the court was correct in overruling the application. This application for a continuance is addressed to the sound discretion of the trial court. See Williams v. State, 148 Tex.Cr.R. 427, 187 S.W.2d 667, and cases there cited.

We think the facts are sufficient, and no error appearing in the record, the judgment is affirmed.

No appearance for appellant.

Ernest S. Goens, State's Atty., of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was charged by complaint and information with the offense of driving while intoxicated. Upon his plea of guilty the court assessed his punishment at a fine of $50 and costs.

The procedure appears regular. The record is brought forward without a statement of facts or bills of exception. Nothing is presented for our consideration.

The judgment is affirmed.